**First Appellate Department, November Term, 1901. Reported.**
**65 App. Div. 27.**

HENRY H. LYMAN, as State Commissioner of Excise of the State of New York, Respondent, *v.* THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant, Impleaded with MARGARET A. OUSSANI.

Principal and surety—Where they answer separately each is entitled to open and sum up the case by his own counsel.

Where the State Commissioner of Excise brings an action against the principal and surety upon an excise bond for a violation of the Liquor Tax Law by the principal, and the principal and surety answer separately, raising somewhat different issues, and appear upon the trial by separate attorneys, the court has no right, without the consent of the surety, to require the latter to acquiesce in the opening and summing up of the counsel for the principal, and to deprive it of the right to present, through its own counsel, its views of the evidence and the questions upon which the jury is to pass.

APPEAL by the defendant, The Fidelity and Casualty Company of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of January, 1901, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of December, 1900, denying the defendant's motion for a new trial made upon the minutes.

*Charles C. Nadal,* for the appellant.

*Royal R. Scott,* for the respondent.

PER CURIAM. This action was brought against the principal and surety upon an excise bond to recover the penalty thereof, to wit, the sum of $1,600 for a violation of the Liquor Tax Law (Laws of 1896, chap. 112, as amd.) by the principal. The principal and surety answered separately, and the issues raised by the answers were somewhat different. Upon the trial they appeared by separate counsel. At the close of the plaintiff's case a separate motion was made in behalf of each defendant to dismiss the complaint, and in many respects upon different grounds. The court decided to submit but two questions of fact to the jury, viz., whether liquor was sold on the premises after one o'clock on the nights of February 22 and 27, 1900. Counsel for the principal then opened the case to the jury for his client, at the close of which counsel for the surety company demanded the right to open the case in behalf of his client and to state to the jury his client's position with reference to the evidence. The court refused to permit such opening and appellant's counsel excepted. At the close of all the evidence the principal's counsel summed up for his client, and the counsel for the surety company asserted his right to also sum up in behalf of appellant. This was objected to by plaintiff's counsel. The objection was sustained by the court and appellant's counsel excepted.

The liability of the defendants was several and was not necessarily the same. We think the court had no right, without appellant's consent, to require it to acquiesce in the opening and summing up by the counsel for the principal and to deprive it of the right and privilege of presenting through its counsel its own views of the conflicting evidence and questions upon which the jury was to pass. Where such a case is being defended in

good faith, an arrangement can ordinarily be made at the sug-
gestion of the court, by which one counsel will discuss the ques-
tion of fact for all of a class of defendants that may be affected
alike; and the court has it in its power, by limiting time of
counsel in addressing the jury, to prevent the time of the court
and the jury being unnecessarily occupied; but we cannot assent
to the doctrine that the court may say arbitrarily that the attor-
ney or counsel for a principal shall open and sum up the case,
not only for his own client, but for the surety whom he does
not represent.

No other question in the case calls for serious consideration,
but these exceptions require that the judgment and order should
be reversed as to appellant and a new trial granted, with costs to
appellant to abide the event.

Present — VAN BRUNT, P. J., PATTERSON, INGRAHAM, McLAUGH-
LIN and LAUGHLIN, JJ.

Judgment and order reversed as to appellant and new trial
granted, with costs to appellant to abide event.